UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

MISTY RUMMAGE,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MISTY RUMMAGE ("Ms. Rummage" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from ARMOR CORRECTIONAL HEALTH SERVICES, INC. ("ACHS" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in St. Lucie County, Florida.

3. Defendant is a Florida not for profit corporation that is located and does business in Martin County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Martin County, Florida, and therefore the proper venue for this case is the Fort Pierce Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as Licensed Mental Health Counselor from November 1, 2017, until her unlawful and discriminatory termination on October 3, 2019.

8. In the summer of 2019, Ms. Rummage began struggling with symptoms of a chronic serious health condition, Bipolar II Disorder.

9. In order to treat and address her condition, Ms. Rummage applied for, and was granted, a period of six (6) weeks of continuous unpaid FMLA leave, followed by intermittent leave to address flare-ups of the condition and follow-up medical care and the like.

10. Ms. Rummage's six (6) weeks of continuous leave commenced in late August of 2019.

11. During those six (6) weeks, Ms. Rummage treated with her primary care physician, a therapist, and a psychiatrist.

12. On October 1, 2019, Ms. Rummage returned to work as scheduled.

13. Ms. Rummage's Manager at ACHS, Jeannette, challenged Ms. Rummage, asking "what are you doing here?  You're not supposed to be here!"

14. On October 3, 2019, one of ACHS's Vice Presidents told Ms. Rummage to attend a meeting at lunchtime, but the Vice President missed the meeting.

15. Ms. Rummage left work that day, as previously scheduled, at 3:00 P.M., in order to attend a follow-up medical appointment to treat her chronic serious health condition.

16. ACHS Vice President Maddie Jackson called Ms. Rummage shortly after she left the office that day, demanding to know why she left the office.

17. Ms. Rummage calmly explained to the irate Ms. Jackson that she was utilizing her intermittent FMLA leave to attend a scheduled follow-up medical appointment to treat her chronic serious health condition.

18. Later that same day, one of ACHS's Corporate Representatives called Ms. Rummage.

19. At that time, ACHS informed Ms. Rummage that it had decided to terminate her employment, effective immediately.

20. ACHS offered no cogent, non-discriminatory, non-retaliatory reason for taking adverse employment action against Ms. Rummage.

21. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Rummage notifying ACHS of her serious health condition, and in retaliation for Ms. Rummage utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

22. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

23. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

24. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

25. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's irate challenges to her use of unpaid FMLA leave to attend follow-up appointments to treat and address her chronic serious health condition, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

26. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

27. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

28. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

29. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

33. At all times relevant hereto, Defendant interfered with Plaintiff by challenging her utilization of approved FMLA leave to attend follow-up appointments to treat and address her chronic serious health condition, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

34. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by challenging her angrily for utilizing approved FMLA leave to attend follow-up appointments to treat and address her chronic serious health condition, and then terminating her employment for applying for FMLA leave and for utilizing FMLA leave.

40. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable. DATED this 9th day of December, 2020.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*